by the legislature of the State, it is supported by the provisions of the laws of the State, its servants and agents are but representing a department of the State in the discharge of their duties under the statute, and the State has power to abolish this department, while the Board of Agriculture has no power to either create or destroy. They can only serve the public in the way pointed out by statute.

Appellant has submitted a long list of authorities from sister States, which are not in accord with the view here announced, neither are they in accord with the holdings of our Supreme Court.

For the reasons above given the judgment appealed from is affirmed.

*Affirmed.*

---

## John Maxon, Appellee, v. George W. Farley, Appellant.

### (Not to be reported in full.)

Appeal from the County Court of Logan county; the Hon. CHARLES J. GEHLBACH, Judge, presiding. Heard in this court at the April term, 1913. Reversed and remanded with directions. Opinion filed October 16, 1913. Rehearing denied November 12, 1913.

### Statement of the Case.

Action commenced by John Maxon against George W. Farley before a justice of the peace, where a trial was had and judgment rendered against the defendant for $82.85 and costs of suit. Defendant then perfected an appeal to the County Court. From an order of the County Court dismissing the appeal, defendant appeals.

GEORGE H. COX and BEACH & TRAPP, for appellant.

McCORMICK & MURPHY, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

## Abstract of the Decision.

1. JUSTICES OF THE PEACE, § 203*—*sufficiency of transcript to give court jurisdiction on appeal.* In order to give a court to which an appeal is perfected jurisdiction of the subject-matter, the transcript from the justice must be in substantial compliance with the statute.

2. JUSTICES OF THE PEACE, § 203*—*when transcript on appeal from justice insufficient.* Transcript does not comply with R. S. c. 79, § 15, J. & A. ¶ 6976, so as to give County Court jurisdiction of subject-matter of an appeal from a justice, where there is no certificate or pretended certificate of the justice attached to or accompanying the transcript.

3. JUSTICES OF THE PEACE, § 209*—*jurisdiction to dismiss appeal.* On appeal from a justice of the peace where no certificate of the justice is attached to or accompanying the transcript, the court to which such appeal is taken has no jurisdiction to dismiss the appeal for failure of appellant to comply with a rule to pay the docket fee, and for want of prosecution.

4. JUSTICES OF THE PEACE, § 162*—*jurisdiction on appeal when insufficient transcript filed.* Where insufficient transcript is filed on appeal from a justice of the peace, the court to which the appeal is taken has no jurisdiction of the subject-matter, and is without power to make any order affecting the rights of the parties as to the merits of the cause. In such case the court would have power to order a perfect transcript to be filed and enter any other order necessary to the preparation of the case for trial, but its power is limited to preliminary orders.

5. JUSTICES OF THE PEACE, § 202*—*when appearance of appellant insufficient to confer jurisdiction on appeal in absence of sufficient transcript.* Fact that appellant appeared in court and entered a motion to set aside an order of the court, *held* not to give the court jurisdiction of the subject-matter, where no sufficient transcript is on file.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.